PROB 12B
(REVISED 5/2011)

# United States District Court
for
## Middle District of Tennessee

## Petition to Modify the Condition or Term of Supervision

Name of Offender: <u>Tashia L. Woods</u>          Case Number: <u>3:10-00181-02</u>

Name of Judicial Officer: <u>Honorable William J. Haynes, Jr., Chief U. S. District Judge</u>

Date of Original Sentence: <u>September 26, 2011</u>

Original Offense: <u>18 U.S.C. § 922(g)(1) Convicted Felon in Possession of Firearms</u>

Original Sentence: <u>24 months' custody followed by 3 years' supervised release</u>

Type of Supervision: <u>Supervised Release</u>          Date Supervision Commenced: <u>March 2, 2013</u>

Assistant U.S. Attorney: <u>Scarlett Singleton</u>          Defense Attorney: <u>Dumaka Shabazz</u>

## PETITIONING THE COURT

■ To schedule a modification hearing and consider adding the following release condition:

**The defendant shall participate in a program of drug testing and substance abuse treatment which may include a 30-day inpatient treatment program followed by up to 90 days in a community correction center at the direction of the probation officer.**

THE COURT ORDERS:

☐ **A hearing to consider the modification is scheduled for:** 9/35/ 13 *at 4:00pm*

☐ No Action

☐ The extension of supervision as noted above.

☐ The modification(s) as noted above.

☐ Other

Considered this /9th day of September, 2013, and made a part of the records in the above case.

_____
William J. Haynes, Jr.
Chief U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

_____
Kimberly Haney
U.S. Probation Officer

Place          Nashville, Tennessee

Date          September 17, 2013

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No.    Nature of Noncompliance

1.    **The defendant shall follow the instructions of the probation officer.**

Ms. Woods failed to report to the probation office as instructed.

On September 12, 2013, the probation officer instructed Ms. Woods to report to the probation office on September 13, 2013, for a drug test. Ms. Woods failed to report as directed.

2.

**The defendant shall refrain from any unlawful use of a controlled substance.**

On September 16, 2013, Ms. Woods tested positive for marijuana use.

Ms. Woods reported to the probation office on Monday, September 16, 2013, for the drug test she was supposed to report for on Friday, September 13, 2013. A drug test was conducted which tested presumptive positive for marijuana, although the urine specimen was diluted. Initially, Ms. Woods stated, "Ms. Haney, I don't use drugs. It's not in my vocabulary, and I'm not trying to go back to jail." Due to the diluted specimen, Ms. Woods was instructed to provide another sample. The second drug test was positive for marijuana. Ms. Woods admitted to using marijuana on the day she was seen at Mr. Washington's residence. She stated, "When I saw you get out of the car, that's when I tossed it." Ms .Woods continued to tell the probation officer that she smoked the marijuana cigarette alone, and she purchased it from a female friend. Further inquiry from the probation officer regarding Ms. Woods' use of an illegal drug resulted in Ms. Woods stating, "I can't believe it showed up in the test. I only smoked one." The specimen was sent to the laboratory for confirmation.

**Compliance with Supervision Conditions and Prior Interventions:**

Tashia L. Woods began her term of supervised release on March 2, 2013. Her term of supervision is scheduled to expire on March 2, 2016. Reportedly, Ms. Woods is employed at ABC Cleaning Service. She has failed to submit verification of employment. She is also a student at Tennessee College of Applied Technology at Nashville.

On September 12, 2013, the probation officer conducted a home visit at the residence of Andrew Washington, but he was not at home. Mr. Washington is on supervision following his conviction for Felon in Possession of a Firearm, Possession with Intent to Distribute Cocaine Base, and Possession with Intent to Distribute a Substance Containing Cocaine. Ms. Woods was observed sitting on the front porch talking on a cellular telephone. The probation officer inquired why she was at the residence, and Ms. Woods stated that she is friends with Mr. Washington's sister. The probation officer instructed Ms. Woods not to visit Mr. Washington's sister at that residence because she is not permitted to associate with convicted felons. Ms. Woods alleged that she does not know Mr. Washington, but they were housed at Diersen Charities, Inc. at the same time. The probation officer instructed Ms. Woods to come to the probation office on September 13, 2013, for a drug test and she failed to report as directed.

While incarcerated in the Bureau of Prisons, Ms. Woods participated in the 400-hour Residential Drug and Alcohol Program, as well as the 40-hour drug education program. Upon arriving at Diersen Charities, Inc., on September 5, 2012, she was enrolled in the aftercare drug treatment program at The Evelyn Frye Center. She participated in the program from September 13, 2012, until March 2, 2013.

Ms. Woods is in need of substance abuse treatment. However, neither formal drug testing or treatment were ordered as special conditions at the original sentencing hearing. If the modification is approved by the Court, the offender will be referred by the probation officer to Centerstone Mental Health in Madison, Tennessee, for an assessment, to be followed by individual substance abuse treatment and random drug screens.

The probation officer issued a verbal reprimand to Ms. Woods for violating her conditions of supervised release by using illegal drugs and for the possibility she is associating with a felon without permission. Ms. Woods was re-instructed as to all conditions, and specifically instructed not to possess or use illegal substances. Ms. Woods is agreeable to the proposed modification of her release conditions.

## U.S. Probation Officer Recommendation:

It is recommended that a hearing be scheduled before the Court so the request for modification of release conditions may be addressed.

The U. S. Attorney's Office has been advised of the offender's noncompliance and the probation officer's request for a modification hearing.

Approved: _____
        Britton Shelton
        Supervisory U.S. Probation Officer